IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SERGEY ALEYNIKOV, | § | |
| | § | No. 366, 2016 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 10636-VCL |
| THE GOLDMAN SACHS GROUP, | § | |
| INC., | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: January 18, 2017
Decided: January 20, 2017

Before **STRINE**, Chief Justice; **HOLLAND**, **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices, constituting the Court *en Banc*.

### O R D E R

(1) In this appeal, Sergey Aleynikov seeks to reverse a ruling of the Court of Chancery giving issue preclusive effect to a ruling of the U.S. Court of Appeals for the Third Circuit, or Third Circuit for short. Aleynikov sought advancement and indemnification of certain legal fees and costs in an action in the U.S. District Court for the District of New Jersey. That is, Aleynikov chose that court as his preferred forum for addressing his demand for fees. He litigated those issues through the appellate level but received a ruling from the Third Circuit that he did not favor. Aleynikov then filed a parallel suit in the Court of Chancery seeking

advancement for another proceeding but based on the exact legal issues that were before the Third Circuit and were the subject of its ruling and the still pending federal suit. While expressing concern on whether the Third Circuit's ruling accorded with Delaware law, the Vice Chancellor applied the appropriate principles of law and concluded that he was not free to re-adjudicate issues already decided in the federal action. Aleynikov's principal argument on appeal is that the Vice Chancellor erred in deferring to the previous ruling. But, the Vice Chancellor was correct in binding himself to apply the issues as previously determined against Aleynikov in the federal action. Although we express no view at all on whether the Third Circuit ruling was correct as a matter of Delaware law or on the Vice Chancellor's consideration of that question, we affirm on the basis of his accurate application of the law of issue preclusion and his properly supported findings of fact. For these reasons, we affirm the judgment of the Court of Chancery dated July 13, 2016.[1]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[1] *Aleynikov v. The Goldman Sachs Group, Inc.*, C.A. No. 10636 (Del. Ch. July 13, 2016).